JOHN H. PLATT AND ANOTHER vs. JOHN C. HUBINGER.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The defendant ordered of the plaintiffs various wall papers, for a house
that he was building, and gave them a plan of the rooms, requesting
them to confer with a paper-hanger whom he had engaged and esti-
mate with him what would be required and send them to him. The
estimate was made and the quantity needed of each kind was marked
on the plan, which, with the paper, was sent to the defendant. In a
suit to recover the price of the paper, it was held not necessary for the
plaintiffs to notify the defendant to produce the plan and to lay it in as
proof of the quantity of paper ordered.

The entries on the plan were a contemporaneous memorandum that would
have been admissible and useful; but the plaintiffs could prove the
facts by other evidence.

[Argued June 12th—decided December 9th 1889.]

ACTION to recover for goods sold; brought to the Court
of Common Pleas of New Haven County, and tried to the
court, upon a general denial, before *Studley, J.* Facts found
and judgment rendered for the plaintiffs, and appeal by the
defendant. The case is sufficiently stated in the opinion.

*W. K. Townsend* and *G. D. Watrous*, for the appellant.

*G. R. Cooley*, for the appellees.

ANDREWS, C. J. The complaint contains only the com-
mon counts in assumpsit. The bill of particulars specifies
goods sold and delivered to the defendants. The answer is
a general denial.

The goods mentioned in the bill of particulars consist of
certain wall and decorative papers which the defendant or-
dered of the plaintiffs at their store in New Haven and di-
rected to be sent to him at Keokuk, Iowa, at which place he
was then building a dwelling house. The plaintiffs sent the
paper as directed to Keokuk, Iowa, where it was received by

the defendant in good order. The quantity of paper so ordered by and sent to the defendant and received by him was worth the amount charged in the bill—that is, $1,207.62. Of this amount the defendant had paid before trial $500.

When the defendant ordered the goods of the plaintiffs he furnished them with a plan of the house he was then building, told them he had employed one Skinner, a paper-hanger of New Haven, to hang the papers, and directed the plaintiffs to confer with him, and to send such quantities of the various kinds of paper which he had ordered as should be estimated by them and Skinner to be necessary for the several rooms in the house. The plaintiffs did confer with Skinner and sent the quantities of paper estimated by him and them as necessary for the house. The figures denoting their estimate of the quantities of paper required were.put on the plan, which was returned to the defendant, and it was in his possession at the time of the trial. The quantities of paper sent were in fact necessary for the house according to the plan. By a change in the construction of the house subsequently made it became unnecessary to use a portion of the paper so sent, amounting to $200 worth of stock paper, and eight and one half rolls of parlor paper, at $10.50 per roll. This parlor paper was manufactured by the plaintiffs expressly for the defendant.

The papers were ordered by the defendant in April, 1887, and were sent to and received by him at Keokuk thereafter in the due course of transportation. On the 18th day of August, 1888, the defendant wrote a letter to the plaintiffs as follows, (omitting date and heading) :—" Gentlemen : I find there are ten rolls of parlor papering left. Shall I send it back ?" The plaintiffs received the letter but did not reply to it. No other offer to return any part of the paper was ever made. It is found that there is a custom in the paper trade to take back unbroken rolls of wall-paper of such kinds as are usually kept in stock, if returned in a reasonable time; but that this custom did not extend to such kinds of wall-paper as are not kept in stock and did not include any paper made expressly to the order of any customer.

It is found that the defendant was not entitled to return the parlor paper, and that if he was, he had never undertaken to do so except so far as his letter was an offer to return it, and that that was not within a reasonable time.

Upon the trial the plaintiffs did not allude to the plan of the house above referred to. The defendant's counsel, in their cross-examination of Mr. Thompson, one of the plaintiffs, having called out the fact that there was such a plan and that the figures were on it, insisted that it was the duty of the plaintiffs to produce it in evidence. The plaintiffs then called upon the defendant for it. It was in Keokuk, Iowa, and could not be produced. The plaintiffs had never before notified the defendant to produce it.

The finding of facts seems to dispose of the whole case. For it shows that the defendant ordered certain goods of the plaintiffs; that the goods were sent to and received by the defendant in due time and in good order; and that they were worth the amount charged.

There is no objection to any evidence on either side.

There are eleven reasons of appeal. Neither the first nor the second point out any error in law. The third, fourth, fifth and sixth reasons are predicated on a claimed error of the court in respect to the custom of the trade permitting the return of unused paper. As to the stock paper the finding is that custom permitted the defendant to return so much of it as was not used, but that he has never done so. Surely the defendant is not injured by any ruling as to a custom of which he has not undertaken to avail himself. As to the parlor paper it is found that there is no custom allowing any part of it to be returned. Whether or not a custom is reasonable is a question of law, or may be so : but whether or not a custom exists is necessarily a question of fact. Here it is found that the custom did not exist.

The seventh, ninth and tenth reasons are based on the fact that the plan of the house on which were the figures of the estimated quantities of paper, was not produced in evidence on the trial. The question on this part of the case was whether or not more paper had been sent than had been

ordered. The figures on the plan were in the nature of a contemporaneous memorandum, useful indeed but not indispensable. Its presence might have enabled the court to come to a conclusion more readily and perhaps more satisfactorily. But if by other evidence the plaintiffs were able to satisfy the court that all the paper sent to and received by the defendant had been ordered by him, he has not been harmed.

As to the eighth and eleventh reasons it is not very clear what they mean. They seem to imply a claim that the court erred for the reason that the contract alleged is an implied one while the contract proved was an express one. As there was no objection to any evidence, a variance of this kind, even if it existed, would be waived.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.